JP:TK

**M** ⬛ **08-438**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X <u>To be Filed Under Seal</u>

UNITED STATES OF AMERICA                    COMPLAINT AND AFFIDAVIT
                                            IN SUPPORT OF APPLICATION
        -against-                           <u>FOR ARREST WARRANT</u>

SHAWN FIRTH,                                (18 U.S.C. § 2250)
        also known as
        "Sean Frith,"

                Defendant.

- - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS.:

        David Rosen, being duly sworn, deposes and says that he

is a Deputy United States Marshal with the United States Marshal

Service ("USMS"), duly appointed according to law and acting as

such.

        On or about and between January 4, 2008 and May 7,

2008, in the Eastern District of New York and elsewhere, the

defendant SHAWN FIRTH, also known as "Shawn Frith," an individual

required to register under the Sex Offender Registration and

Notification Act who traveled in interstate commerce, did

knowingly fail to register and update a registration as required

by the Sex Offender Registration and Notification Act.

        (Title 18, United States Code, Section 2250)

2

The source of my information and the grounds for my belief are as follows:[1]

1.     I am a Deputy United States Marshal with the USMS for the Eastern District of New York.  I have been employed by the USMS for over twelve years.  I am currently assigned to the New York/New Jersey Regional Fugitive Task Force.  One of my responsibilities is to investigate crimes involving individuals who are convicted sex offenders and have failed to register as required by Title 18, United States Code, Section 2250, known as the Adam Walsh Child Protection and Safety Act of 2006 (the "Walsh Act").

2.     I am familiar with the facts and circumstances of the instant case based on first-hand observations during the investigation, my review of documentary evidence obtained during the course of this investigation and discussions with other law enforcement agents.

STATUTORY AUTHORITY

3.     This investigation concerns alleged violations of Title 18, United States Code, Section 2250 - certain activities relating to failing to register under the Sex Offender

_____

[1]     Because the purpose of this affidavit is merely to establish probable cause to arrest, I have not set forth all of the facts and circumstances concerning this investigation of which I am aware.

Registration and Notification Act.   In relevant part, 18 U.S.C. §

2250 states:

> Whoever--
>
>> (1) is required to register under the Sex Offender
>> Registration and Notification Act;
>>
>> (2) . . . (B) travels in interstate or foreign commerce
>> . . . ; and
>>
>> (3) knowingly fails to register or update a
>> registration as required by the Sex Offender
>> Registration and Notification Act;
>
> shall be fined under this title or imprisoned not more than
> 10 years, or both.

　　　　4.   Section 113 of the Walsh Act defines who is

required to register under the Act:

> (A) In General - A sex offender shall register, and keep the
> registration current, in each jurisdiction where the
> offender resides, where the offender is an employee, and
> where the offender is a student.   For initial registration
> purposes only, a sex offender shall also register in the
> jurisdiction in which convicted if such jurisdiction is
> different from the jurisdiction of residence. . . .
>
> (2) Keeping Registration Current - A sex offender shall, not
> later than 3 business days after each change of name,
> residence, employment or student status, appear in person in
> at least 1 jurisdiction involved pursuant to subsection (a)
> and inform that jurisdiction of all changes in the
> information required for that offender in the sex offender
> registry. . . .

　　　　5.   Section 111 of the Walsh Act defines "Sex

Offender" as:

> (1) Sex Offender - The term "sex offender" means an
> individual who was convicted of a sex offense.

The Act further defines "sex offense" as:

(5) (A) . . . the term 'sex offense' means --
. . . (ii) a criminal offense that is a specified offense
against a minor;. . .

6.    Section 111 of the Walsh Act defines a "specified
offense against a minor" as "an offense against a minor that
involves . . . (H) Criminal sexual conduct involving a minor, . .
. .[or] (I) Any conduct that by its nature is a sex offense
against a minor."  42 U.S.C.  §§ 16911(7)(H) and (I).

## STATEMENT OF FACTS

7.    I have been informed by law enforcement personnel
in the state of Florida that on March 24, 1999, the defendant
SEAN FIRTH was convicted of two counts of Performing a Lewd Act
Upon a Child in violation of Florida Statute 800.04(3), which is
a felony.  FIRTH was sentenced to two years of imprisonment and
was released from custody in September of 2000.  Documents
indicate that FIRTH was notified that, after his release from
custody, he was required to register as a sex offender for life
pursuant to Florida law.  FIRTH registered as a sex offender in
Florida on November 6, 2000, and he remained registered until
September 28, 2007.  After that, FIRTH did not register in
Florida again until March 5, 2008, and in the intervening period
was deemed to not to be in compliance by the Florida Department
of Law Enforcement.

8.    On January 4, 2008 FIRTH was stopped by officers of
the NYPD in Manhattan for selling unlicensed cigarettes and was

issued a desk appearance ticket. He told the officers that he
resided at 747 New Jersey Avenue in Brooklyn, a New York address.
This information was written on the desk appearance ticket and
was subsequently entered into the NYPD database.

        9.    After the January 2008, arrest members of the NYPD
Sex Offender Monitor Unit became concerned that FIRTH might be
living in New York City without registering in New York State as
required to do by the above-mentioned statute. They referred the
issue to myself. Pursuant to a computer check in January of 2008
I initially discovered that FIRTH was not in compliance in
Florida. In March, however, a subsequent computer check revealed
that FIRTH had registered in Florida on March 5, 2008.

        10.   To further determine where FIRTH actually resided,
on April 1, 2008, at my behest, an investigator with the Orange
County, Florida Sheriff's Office went to visit the Florida
address that FIRTH listed as his residence when he registered on
March 5, 2008. He interviewed an occupant of that address,
Individual A, who told him that FIRTH did not reside there, had
not lived there since at least November of 2007, and, in fact had
moved with his mother to New York.

        11.   A check conducted with the State of New York,
Board of Examiners of Sex Offenders confirmed that as of May 1,
2008, defendant FIRTH had not registered as a sex offender in New

6

York State, and that based upon his Florida conviction, he would be required to register if he resided in New York State.

WHEREFORE, Your Affiant respectfully requests that the Court issue an arrest warrant for the defendant SEAN FIRTH, also known as "Sean Frith," so that he may be dealt with according to law.

Deputy U.S. Marshal David Rosen
United States Marshal Service

Sworn to before me this
        of May 7, 2008

                                    E